UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLA CORP., a Rhode Island corporation, ) | |
| Plaintiff, ) | |
| ) | |
| v.                                      ) | Case No. 2021-cv-_____ |
| ) | |
| LANA UNLIMITED COMPANY ) | |
| Defendant | |

COMPLAINT FOR DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF TRADE DRESS

For its complaint, Plaintiff Carla Corp. ("Carla"), by and through its attorneys, Chace Ruttenberg & Freedman LLP, avers as follows:

**THE PARTIES**

1. Carla is a corporation organized under the laws of the State of Rhode Island, with its principal place of business in East Providence, Rhode Island, which is within the District of Rhode Island. Carla is, and was at all times herein mentioned, qualified to do business in Rhode Island. Carla manufactures and sells jewelry to retail stores, individuals, businesses, and entities, including within the jurisdiction of this Court and it and prior owners have been manufacturing and selling jewelry similar to Carla's present products for over forty years.

2. Defendant Lana Unlimited Company ("Lana"), is a company organized under the laws of the State of Illinois. Based on information and belief, Lana has its principal place of business in Chicago, Illinois and is engaged in the business of selling jewelry via retail stores and over the internet.

## VENUE AND JURISDICTION

3. Jurisdiction is proper in this court because this litigation arises under federal law, namely, 28 U.S.C. § 1338(a) and 15 U.S.C. § 1125 (trade dress). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201 (Declaratory Judgement Act).

4. This Court has personal jurisdiction over Lana because Lana conducts business in the State of Rhode Island and within this district, including doing business with retail stores which sell Lana's products in Rhode Island, and the advertising and sale of its products through Rhode Island retail stores and through the internet to Rhode Island residents.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

6. An actual case or controversy has arisen between the parties. Lana has threatened litigation against Carla, and has asserted that Carla's sale of jewelry constitutes trade dress infringement. These statements threaten injury to Carla.

## FACTUAL BACKGROUND

7. Based on information and belief, Lana claims ownership of distinctive trade dress which they refer to as "upside down hoop earrings" and "hooked on hoop earrings".

8. On January 6, 2021, Ralph Fleming, president of Carla, received a letter from Douglas Masters, an attorney at Loeb & Loeb, LLP, counsel to Lana. A copy of that letter is attached as Exhibit 1 hereto.

9. In response, on January 20, 2021, counsel to Carla, attorney Robert Salter, sent attorney Masters a letter setting forth reasons why Lana does not have valid trade dress rights in the upside-down hoop and hooked on hoop earring designs. A copy of that letter is attached as Exhibit 2 hereto.

10. On January 22, 2021 attorney Salter received a second letter from attorney Masters. A copy of that letter is attached as Exhibit 3 hereto. In that letter, attorney Masters maintained that Lana has valid trade dress rights in the upside-down hoop and hooked on hoop earring designs and advised that it would not hesitate to take legal action unless Carla acceded to Lana's demand.

11. In response, on January 25, 2021 attorney Salter sent attorney Masters a second letter setting forth more reasons why Lana does not have valid trade dress rights in the upside-down hoop and hooked on hoop earring designs. A copy of that letter is attached as Exhibit 4 hereto.

12. While Carla has attempted to settle this dispute amicably and without resort to the courts, Carla believes and maintains that Lana does not have valid trade dress rights in the upside-down hoop and hooked on hoop earring designs and that Carla's complained of earring designs are not likely to cause confusion or constitute trade dress infringement, that Lana's designs are not distinctive, have not acquired secondary meaning and in fact post-date many of Carla's products which were manufactured and sold prior to Lana's existence.

## CLAIMS FOR RELIEF

13. Carla incorporates by reference the allegations contained in paragraphs 1 through 12, inclusive.

14. Lana has claimed that Carla's complained of earring designs constitute trade dress infringement, Lana's demand that Carla cease and desist from taking what Carla asserts is lawful non-infringing activity, account and pay damages, and that absent capitulation "will not hesitate to take any action necessary to protect its rights, including filing a court action" constitutes an explicit threat that creates a reasonable apprehension on Carla's part that it will face an infringement lawsuit if it does not comply.

15. An actual, present and justiciable controversy has arisen between Carla and Lana concerning Carla's right to sell earring designs that it and predecessor companies have been selling for years.

16. Carla seeks declaratory judgment from this Court that its use of this alleged trade dress does not constitute trade dress infringement.

## PRAYER FOR RELIEF

WHEREFORE, Carla respectfully requests that the Court:

1. Enter judgment according to the declaratory relief sought, that plaintiff's use of its products does not violate defendant's alleged trade dress.

2. Award Carla its costs in this action;

      3.      Enter such other further relief to which Carla may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Carla hereby demands a jury trial on all issues so triable.

                                Carla, Corp., Inc.

                                By its attorneys

                                /s/ Robert D. Fine

                                _____

                                Robert D. Fine, Esq. (#2447)
                                Zachary H. Valentine, Esq. (#9687)
                                Chace Ruttenberg & Freedman, LLP
                                One Park Row, Suite 300
                                Providence, RI 02903
                                Tel.: 401-453-6400
                                Email: rfine@crfllp.com

Dated February 12, 2021